UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Michael Larsen,<br><br>                              Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 16-cv-2847-JM-AGS<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [Doc. 6] AND TIME EXTENSION [Doc. 10]** |

On November 21, 2016, pro se plaintiff Christopher Larsen filed a complaint seeking review of the Social Security Administration's denial of his disability insurance benefits. [Doc. 1.] He attempted service by mailing the complaint and summons to the Social Security Administration in San Francisco. [Doc. 6, at 2, 4-7.] Because the Commissioner of Social Security never answered his complaint, Larsen now moves for a default judgment and other relief.

A.   **Motion for Default Judgment [Doc. 6]**

Larsen moves for a default judgment under Federal Rule of Civil Procedure 55. Yet he has not completed service. To effect proper service, Larsen was required to serve three entities: the Commissioner of Social Security, this district's United States Attorney, and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)-(2). He has attempted to

serve only the Commissioner.[1] Thus, the Court **RECOMMENDS** that Larsen's motion for a default judgment be **DENIED**.

B. <u>Motion to Extend Time to Perfect Service [Doc. 10]</u>

Recognizing his error, Larsen also moves to extend his time to perfect service. Because the defendant was not properly served within 90 days, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Since Larsen is proceeding pro se and in forma pauperis, the Court **RECOMMENDS** that Larsen's extension motion be **GRANTED** and that the time for service be extended for an additional 30 days from the District Judge's ruling on this matter.

Any objections to the Court's recommendations must be filed within 14 days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). Failing to file objections within the specified time may waive the right to raise those objections on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: May 3, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge

---

[1] Larsen has a certified mail receipt for the summons and complaint he sent the Commissioner [Doc. 6, at 4-7], but even that summons has not been returned executed.