UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Michael Larsen,<br><br>                                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of Social Security,<br><br>                               Defendant. | Case No.: 16-cv-2847-JM-AGS<br><br>**ORDER GRANTING MOTION FOR USMS SERVICE [Doc. 9] AND DENYING MOTION FOR APPOINTED COUNSEL [Doc. 8]** |

In a separate Report and Recommendation filed today, this Court recommended denying pro se plaintiff Christopher Larsen's motion for a default judgment, but granting his motion to extend time to perfect service. If the District Judge disagrees with either recommendation, this case is effectively over. But if the District Judge adopts both recommendations, Larsen's remaining motions become relevant. Those are adjudicated below.

**A.**     <u>**Motion to Direct Service by the U.S. Marshal [Doc. 9]**</u>

When a "plaintiff is authorized to proceed in forma pauperis"—like Larsen—the Court "must" order that "service be made by a United States marshal or deputy marshal. . . ." Fed. R. Civ. P. 4(c)(3). Thus, if the District Judge extends the time to perfect service as this Court recommended, Larsen's motion for such U.S. Marshal support is **GRANTED**. Also, for each individual or entity he wishes to serve, Larsen must provide

1

the Marshal with a completed USMS Form 285, a completed summons, and a copy of the complaint. The Clerk shall mail a copy of this order to the U.S. Marshal for the Southern District of California.

**B.    Motion for Appointed Counsel [Doc. 8]**

Larsen also requests appointed counsel, explaining that several attorneys have refused to take his case and "the level of stress and frustration inherent in federal lawsuits has worsened some of [his] symptoms." [Doc. 8, at 2.] "Generally, a plaintiff in a civil case has no right to appointed counsel," absent a showing of indigency and "exceptional circumstances." *Johnson v. Comm'n of Soc. Sec.*, Civil No. 3:11-cv-2596-JAH (BLM), 2012 WL 124793, at *2 (S.D. Cal. Jan. 17, 2012) (citations omitted); *see also* 28 U.S.C. § 1915(e)(1). *But see Brinker v. Colvin*, 603 F. App'x 609, 610 (9th Cir. 2015) ("The district court did not abuse its discretion in denying Brinker's motion for appointment of counsel because there are no provisions for supplying counsel at government expense in social security cases."). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).

Even if Larsen were otherwise entitled to appointed counsel, he has not shown such exceptional circumstances. First, since the administrative record has not yet been filed, the Court cannot independently evaluate Larsen's likelihood of success on the merits, and Larsen has made no showing on this point. Second, he has thus far articulated his legal position well; his complaint and various motions are clearly and cogently written. Although Larsen appears to have improperly effected service—*see* the Report and Recommendation filed at the same time as this order—he also identified his error and requested appropriate relief. A single service mistake is not exceptional, especially when the Court ultimately recommends that he be given additional time to remedy the shortcoming. Larsen does not argue otherwise as to these points, but contends that the

2

stress of a federal lawsuit has worsened his symptoms. But without more detail, the stress that is an unfortunate and innate characteristic of federal litigation cannot qualify as an exceptional circumstance.

For these reasons, Larsen's motion for appointed counsel is **DENIED**.

Dated: May 3, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge