UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL LARSEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 16cv2847 JM (AGS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff Christopher Larsen objects to Magistrate Judge Andrew G. Schopler's Report and Recommendation ("R&R") regarding the cross motions for summary judgment and moves the court to reconsider its order adopting the R&R. (Doc. No. 33.) The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, overrules Plaintiff's objections and denies Plaintiff's motion for reconsideration.

## BACKGROUND

The court hereby incorporates by reference the background presented in the R&R. (Doc. No. 29 at 1–2.) On February 5, 2018, Magistrate Judge Schopler issued the R&R, recommending the court deny Plaintiff's motion for summary judgment and grant

Defendant's cross-motion for summary judgment. (Doc. No. 29.) On February 27, 2018, the court adopted the R&R in its entirety and granted summary judgment in favor of Defendant and against Plaintiff. (Doc. No. 30.)

On March 13, 2018, Plaintiff filed the instant objection to the R&R and motion for reconsideration <u>nunc pro tunc</u>. (Doc. No. 33.) Plaintiff asserts that he did not receive a copy of the R&R;[1] therefore, the court accepted Plaintiff's filing. (Doc. No. 32.) Less than two weeks later, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. No. 34.) The Ninth Circuit ordered that appellate proceedings be held in abeyance pending this court's consideration of Plaintiff's motion for reconsideration pursuant to Federal Rule of Appellate Procedure 4(a)(4) and Federal Rule of Civil Procedure 60. (Doc. No. 36.)

## LEGAL STANDARDS

### I. Reconsideration

Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual, circumstances warranting reconsideration." <u>School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); Fed. R. Civ. P. 60(b). A motion for reconsideration "may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 881 (9th Cir. 2000) (emphasis in original); Fed. R. Civ. P. 59.

### II. District Court Review of R&R

The duties of the district court in connection with a magistrate judge's R&R are governed by 28 U.S.C. section 636 and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report . . . to which

---

[1] Plaintiff informs the court that he has accessed the R&R through PACER, and the instant motion reveals that he has had the opportunity to review the R&R in full.

objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673–74 (1980); McDonnell Douglas Corp. v. Commodore Bus. Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). If neither party contests the magistrate judge's proposed findings of fact, "the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo, however, regardless of whether any party filed objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

### III. Judicial Review of the Commissioner's Decision

Under the Social Security Act, an unsuccessful claimant may seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The court "may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 929 (9th Cir. 2014); see also Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999) ("The ALJ's decision denying the disability insurance benefits will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error.").

"Substantial evidence is more than a mere scintilla but less than a preponderance." Tidwell, 161 F.3d at 601 (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007) (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)). If the evidence "can reasonably support either affirming or reversing the decision, [the court] may not substitute [its] judgment for that of the Commissioner." Id. The court "may not reverse an ALJ's decision on account of an error that is harmless." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

### IV. Determination of Disability

A claimant must show two things to qualify for disability benefits under the Social Security Act: that (1) he or she suffers from a medically determinable physical or mental

impairment that can be expected to last for a continuous period of twelve months or more, or would result in death, and (2) the impairment renders the claimant incapable of performing the work he or she previously performed or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). The administrative law judge ("ALJ") must employ the five-step sequential process laid out in 20 C.F.R. section 416.920 to make a determination of disability.

**DISCUSSION**

In his objections and motion for reconsideration, Plaintiff sets forth essentially the same arguments raised in his motion for summary judgment and addressed in the R&R. The court has considered the merits of each of Plaintiff's objections and conducted a <u>de novo</u> review of the entire record and R&R. Instead of responding to these arguments a second time, the court incorporates the reasoning and rationale of the R&R in its entirety, and will address only those arguments not covered by the R&R.[2]

**I. Fraud**

Plaintiff asserts that "Judge Schopler cites no laws, nor any precedent where purposeful acts of fraud carried out by the [Social Security Administration ("SSA")] were merely set aside on the basis that [it] simply should not be a part of these cases." (Doc. No. 33 at 5.) This assertion is not supported upon review of the R&R. Magistrate Judge Schopler appropriately interpreted Plaintiff's various claims of fraud as an argument for his due-process right to an impartial adjudicator, set forth the legal standard, and analyzed Plaintiff's claims of fraud in light of that standard. (See Doc. No. 29 at 2–6.) Plaintiff concludes the instant motion by claiming there has been a "wholesale violation of [his] rights to a fair and unbiased adjudication," (Doc. No. 33 at 17), thus supporting Magistrate Judge Schopler's interpretation of Plaintiff's fraud claims. Magistrate Judge Schopler

---

[2] Plaintiff also expresses concern that the R&R "is chock full of medical information that is protected under [HIPAA] laws" and is available on PACER and "any other website that spiders Pacer for documents." (Doc. No. 33 at 2.) However, at no point in this action has Plaintiff filed a motion to seal.

thoroughly addressed why none of the evidence Plaintiff presented rebuts the legal presumption that the ALJ was unbiased, and the court reached the same conclusion upon a de novo review.³

### A. Dr. Clark

Plaintiff focuses on the "plot" by psychiatrist Dr. Camellia Clark, who, according to Plaintiff, sprayed him with an air freshener twice during an evaluation coordinated by the SSA. (See Administrative Record ("AR") 296–97.) Plaintiff argues that the magistrate judge erred when he stated that Plaintiff waited almost a month to report the incident to the police. Plaintiff asserts that he reported the incident to the police the following day, and cites his complaint to the city of Oceanside for failure to make a police report as supporting evidence. However, that complaint lists the event date as April 1, 2015, nearly a month after the March 3, 2015, appointment with Dr. Clark. (AR 316.) Thus, the evidence Plaintiff cites supports the magistrate judge's characterization of the timeline of events. Furthermore, Plaintiff fails to explain what effect the timing would have in light of the conclusion reached in the R&R that no intentional fraud was demonstrated, the ALJ had no role in Dr. Clark's appointment, and the ALJ ultimately relied more heavily on a psychiatrist with which Plaintiff does not take issue. Therefore, this argument provides no basis for the court to reconsider its order adopting the R&R.

### B. Missing Report

Plaintiff argues that Dr. Clark's psychiatric evaluation of him on March 3, 2015,⁴ is still missing and not part of the record. (Doc. No. 33 at 12.) Dr. Clark's March 3 evaluation is available to Plaintiff in the administrative record, (AR 753–55), and Magistrate Judge

---

³ Plaintiff contends that "it's this court's fiduciary responsibility to follow up with [his] allegations of fraud, and pursue criminal charges." (Doc. No. 33 at 6.) The court is an adjudicative body, not a prosecutorial office.

⁴ Although Plaintiff references a report dated "3/13/15" in his motion, Dr. Clark met with Plaintiff on March 3, and signed the psychiatric evaluation Plaintiff describes as missing on March 5, not the thirteenth. (See AR 753, 755.)

Schopler cited to it multiple times in the R&R, thus calling Plaintiff's attention to its location. (See Doc. No. 29 at 3–4.) Therefore, Plaintiff has not been denied access to a document that informed part of the ALJ's decision.

## II. Credibility of Subjective Symptom Testimony

Next, Plaintiff argues against the magistrate judge's determination that the ALJ properly found that Plaintiff's subjective symptom testimony lacked credibility. In addition to arguments fully addressed in the R&R, Plaintiff takes issue with the objective medical evidence cited and the failure to account for the social aspect of his disability claim. The court incorporates by reference the legal standard set forth in the R&R for evaluating the credibility of subjective symptom testimony, (Doc. No. 29 at 6), and will address each argument in turn.

### A. Objective Medical Evidence

One of the five reasons the ALJ raised for disbelieving Plaintiff's symptom testimony was that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence." (AR 28.) Plaintiff argues that both the ALJ and magistrate judge erred because they "used evidence pertaining to a completely different condition and time period" to evaluate his testimony regarding pelvic pain. (Doc. No. 33 at 14.) Plaintiff does not contest the ALJ's conclusion that the objective medical record undermines Plaintiff's testimony about his symptoms of depression and anxiety.

Plaintiff asserts that the chronic pelvic pain of which he testified before the ALJ was on his right side, yet the ALJ and magistrate judge cited to medical records for treatment of varicocele in his left testicle. (Id. at 12–13.) However, the ALJ found that Plaintiff's "condition improved with pain medications," (AR 28), and the objective medical evidence cited by the ALJ included an exhibit that noted Plaintiff's history of pain on the right side of his groin and how medication provided "partial relief," (AR 476). It does appear that the ALJ discussed Plaintiff's pelvic pain, on both the left and right side, at the same time, which could lead to some confusion. Plaintiff did the same in his motion for summary

judgment, citing to parts of the record that discussed pain on both the left and right side of his groin for support in a single string citation. (Doc. No. 20 at 9; see, e.g., AR 210 (right), 449 (left), 453 (left), 455 (left and right), 467–68 (left and right), 473 (right), 484–85 (right), 778–80 (left).) Because Plaintiff testified about groin pain, it is reasonable that the ALJ examined all instances of pelvic pain, stemming from both the left and right sides.

"Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The court agrees with the magistrate judge's conclusion that the objective medical record was a clear and convincing reason, among others, supporting the ALJ's adverse credibility finding.

### B. Social Life

Another reason the ALJ raised was Plaintiff's daily activities, which contradicted aspects of Plaintiff's subjective symptom testimony. (AR 24, 28, 30.) Plaintiff now faults Magistrate Judge Schopler for "completely ignor[ing] the social aspect of [his] life which has all but stopped." (Doc. No. 33 at 15.) However, Plaintiff did not contest this reason in his motion for summary judgment. The ALJ noted that Plaintiff has "moderate difficulties" in "social functioning," but focused on evidence of Plaintiff's daily activities as one of five reasons supporting his adverse credibility finding regarding Plaintiff's subjective symptom testimony. (AR 24, 29–30.) Plaintiff still does not contest his ability to conduct various daily activities, such as bathing and feeding himself, going out on his own, and performing normal chores. (AR 24, 28, 30.) This uncontested reason remains a clear and convincing basis by which to discredit Plaintiff's testimony. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [everyday] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

In sum, Plaintiff fails to submit evidence or argument in his objection to the R&R that alters the conclusions reached by the magistrate judge. Nothing in the R&R is either clearly erroneous or contrary to law.

## CONCLUSION

For the reasons stated, the court overrules Plaintiff's objections to the R&R and denies Plaintiff's motion for reconsideration of the court's order adopting the R&R in its entirety.

IT IS SO ORDERED.

DATED: April 20, 2018

JEFFREY T. MILLER
United States District Judge